Jacob J. Schwartzwald, J.
This is a motion for an order amending the notice of claim of the plaintiffs against the City of New York, so that said notice of claim shall additionally state, in substance, the following: That the husband’s claim is for loss of his wife’s services and consortium and for medical expenses incurred by reason of the accident alleged in the notice of claim, and that the damages sustained by the husband are in the sum of $2,500; and for a further order amending the said notice of claim so that the demand made therein for payment of damages shall read “ $17,500 ” instead of “ $15,000.”
*753 The motion is granted, under authority of subdivision 6 of section 50-e of the General Municipal Law, which permits the correction of a mistake or the addition of matter omitted and allows the court to disregard an irregularity or defect in the notice, not pertaining to the manner or time of service, provided the City of New York would not be prejudiced thereby.
Notwithstanding the contention of defendant City of New York to the contrary, the instant application does not constitute an attempt to assert a new cause of action, and hence the cases cited on behalf of defendant in the affidavit submitted in opposition to the motion are not applicable. Plaintiff Joseph Picara is listed in the original notice of claim as husband of Mary Picara and his name is in the title “ In the Matter of the Claim of ”, and he has signed the notice. A reading of said notice of claim readily discloses that it relates to personal injuries allegedly sustained by the said Mary Picara as a result of an accident befalling her. The present application merely seeks leave to correct the failure to describe the husband’s claim arising from the accident to his wife and to allege the damages sustained by him as husband.
The converse situation was presented in Matter of Charlemagne v. City of New York (277 App. Div. 689, affd. 302 N. Y. 871). In that case there was, through inadvertence, a failure to file the wife’s notice of claim for injuries allegedly received in consequence of an accident, whereas the husband’s notice of claim for loss of services and medical expenses by reason of the wife’s injuries had been timely filed. The Appellate Division there permitted an amendment of the husband’s notice of claim so as to include therein the.wife’s claim. After asserting that no prejudice could result to the defendant City of New York by permitting the amendment, the Appellate Division had occasion to note (p. 692) that “ If the notice of claim filed by the husband had included the words ‘ and on behalf of my wife ’ it could not be doubted that the wife’s claim would be fully preserved.” Similarly, in the instant ease, no valid reason appears why the inclusion of the husband as a claimant in the original notice of claim, by reason of the accident resulting in the wife’s injuries, does not operate to preserve the husband’s claim. Nor will the granting of the instant motion result in prejudice to the defendant City of New York; it appears undisputed that the husband has been examined by the city upon the facts of his elaim
Settle order on notice.